# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CASE NO. 3:16-cv-00870-RJC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| 2014 TOYOTA CAMRY ) | |
| VIN 4T1BF1FK6EU301244 ) | |
| ) | |

**THIS MATTER** is before the Court on the United States of America's Motion, pursuant to Fed. R. Civ. P. 55(b)(2), requesting that the Court enter Default Judgment one 2014 Toyota Camry, VIN 4T1BF1FK6EU301244, (Doc. No. 8).

## I. BACKGROUND

On December 27, 2016, the United States filed a Complaint (Doc. No. 1; "the Complaint") for Forfeiture in rem of the Defendant Property. The Complaint alleged that the 2014 Toyota Camry in question was seized after it was abandoned at Carolina Place Mall while under surveillance by the Charlotte District Office of the Drug Enforcement Administration. (Doc. No. 1). A search of the vehicle revealed U.S. currency in the amount of $229,765.00 and an undetermined amount of cocaine (at least one kilogram). (Id.). In its Complaint, the United States alleges that alleging that Defendant property was subject to forfeiture pursuant to 21 U.S.C. § 881 because it constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act. (Id.).

Pursuant to Rule G(4)(b)(i), copies of the Verified Complaint and other pertinent documents were sent on January 11, 2017 to registered owner, Jacqueline Sneed, 2349 SW Pamona Street, Port St. Lucie, Florida 34953. (Doc. No. 5). Notice of the pendency of this case was also posted on an official government internet site (www.forfeiture.gov) pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions for thirty consecutive days, beginning on January 11, 2017. (Doc. No. 4).

Pursuant to Supplemental Rule G(5)(a) and (b), any claimant to the Defendant property was required to file a claim no later than 35 days after the written notice was sent, or 60 days after the first publication of notice on the official Government website. Those time periods expired on February 15, 2017 and March 12, 2017, and no extensions to these time limits have been requested, consented to, or granted by this Court. Therefore, on May 24, 1017, the Clerk of Court entered a Clerk's Entry of Default pursuant to Rule 55(a). (Doc. No. 7).

## II.     LEGAL STANDARD

The Court may enter a default judgment if (1) a party fails to plead or otherwise defend against a complaint, and (2) the clerk has entered that party's default. FED. R. CIV. P. 55(b)(2); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982); see also Pelyn Trust v. Fair Exch. Trust, No. 3:08-CV-287-RJC, 2009 WL 2912521, at *1 (W.D.N.C. Sept. 3, 2009) (granting plaintiff's Motion for Default Judgment where defendants were properly served and failed to appear).

## III.    DISCUSSION

Here, the factual allegations contained in the Complaint establish that the defendant property is subject to forfeiture pursuant to the provisions of 21 U.S.C. §881 and 18 U.S.C. §981(a)(1)(A) as money furnished or intended to be furnished in exchange for a controlled

substance or money used or intended to be used to facilitate such a transaction.  See e.g., Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

In addition to the personal notices, the United States has also provided publication of notice on the official internet government forfeiture site, www.forfeiture.gov, for at least thirty consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.  Whiting v. United States, 231 F.3d 70, 76 (1st Cir. 2000) ("Due process requires the government to afford an owner 'notice and an opportunity to be heard' before civilly forfeiting his property, but actual *receipt* of notice by the defendant is not automatically required. Rather, ... due process requires the provision of 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'") (internal quotation and citations omitted).

No other person or entity has filed a claim or answer in this action and the United States has also shown that Claimants are not minors, incompetents, or a member of the military.  (Doc. No. 6).  Therefore, all of the prerequisites for default judgment have been met.

**IV.   CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The government's motion for default judgment of forfeiture, (Doc. No. 8), is hereby **GRANTED**.

2. Any and all right, title, and interest of all persons in the world in or to the 2014 Toyota Camry, VIN 4T1BF1FK6EU301244, in question is hereby **FORFEITED to the United States**; and no other right, title, or interest shall exist therein.

3. The United States is hereby directed to dispose of the forfeited defendant property as provided by law.

Signed: January 5, 2018

Robert J. Conrad, Jr.
United States District Judge